## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCKHILL DIVISION

| | | |
|---|---|---|
| HIGHER EDUCATION COQUI LLC, | ) | Civil Action No.: 0:26-cv-02255-SAL |
| | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR LEAVE** |
| | ) | **TO FILE SUR-REPLY IN** |
| v. | ) | **OPPOSITION TO PLAINTIFF'S** |
| | ) | **MOTION FOR TEMPORARY** |
| 2U, LLC, | ) | **RESTRAINING ORDER AND FOR** |
| | ) | **PRELIMINARY INJUNCTION** |
| Defendant. | ) | |
| | ) | |

Defendant 2U, LLC ("2U") hereby moves the Court for leave to file the sur-reply that is attached to this Motion as Exhibit 1. As explained further below, 2U should be granted leave to file a sur-reply to address arguments raised and relief requested for the first time in Plaintiff Higher Education Coqui LLC's ("Plaintiff") Reply ("Reply") in Support of its Motion for Temporary Restraining Order and For Preliminary Injunction ("Motion").[1]

### ARGUMENT

2U should be granted leave to file a sur-reply in opposition to the Motion to address new arguments and relief Plaintiff raised for the first time in its Reply. In its Reply—and despite its total failure to sufficiently plead personal jurisdiction allegations in its Complaint—Plaintiff contends this Court does have personal jurisdiction over 2U and that, in the event the Court disagrees and determines the present record is insufficient to resolve jurisdiction, the Court should order jurisdictional discovery. *See* Reply at 1–5. This is Plaintiff's first time requesting jurisdictional discovery in this case.

---

[1] 2U does not file a separate memorandum in support of this motion as the grounds are fully set forth in this motion. *See* L. Civ. R. 7.04 (D.S.C.). 2U's counsel has conferred with Plaintiff's counsel, who do not object to this motion. *See* L. Civ. R. 7.02 (D.S.C.).

Additionally, even though its only two substantive claims are for misappropriation of trade secrets under New York law and the Defend Trade Secrets Act, 18 U.S.C. § 1839 *et seq.*, Plaintiff expressly shifts emphasis in its Reply from its pleaded trade-secret claims and argues that injunctive relief should also issue based on contractual protections for "Confidential Information" and "Intellectual Property," regardless of whether the information and intellectual property at issue qualify as trade secrets. *See* Reply at 7 ("The Agreement specifically authorized an injunction for breach of Confidential Information and Intellectual Property protections without regard to whether this information constitutes a trade secret."), 11 ("Those categories are independently protected by contract, regardless of whether each individual component satisfies a statutory trade secret test, and support the award of injunctive relief here."), 12 ("These admissions confirm 2U's extensive exposure to the very systems at issue, which are protected as Confidential Information and/or Intellectual Property entitling Higher Ed to injunctive relief, notwithstanding whether the systems qualify as trade secrets.").

Because the arguments at issue were raised for the first time on Reply, the Court should decline to consider them.[2] *See Alligood v. HGC, Inc.*, No.: 5:24-cv-2289-JFA, 2024 WL 4654163, at *6 (D.S.C. Sep. 9, 2024) ("[A]rguments raised for the first time in a reply brief should not be considered."). In the alternative, because 2U has not yet had an opportunity to meaningfully address these issues, it respectfully asks the Court to exercise its broad discretion to allow 2U leave to file the sur-reply attached hereto as Exhibit 1. *See*, *e.g.*, *CresCom Bank v.*

---

[2] Plaintiff also submitted in its Reply the Declaration of James McGahey. (ECF No. 26). This, too, should not be considered by the Court on Reply. 2U will continue to evaluate the complex facts underlying this matter, including Mr. McGahey's statements questioning the accuracy of some statements made in the declarations 2U submitted along with its Motion to Supplement (ECF No. 19). To the extent that material inaccuracies exist, they will be addressed in a supplemental submission, but in the interest of avoiding unnecessary filings which could invite endless back-and-forth rebuttals, 2U is refraining from seeking to further supplement the record at this time.

*Terry*, 269 F. Supp. 3d 708, 710 (D.S.C. 2017) (granting leave for sur-reply); *Genesis Health Care, Inc. v. Soura*, 165 F. Supp. 3d 443, 456 (D.S.C. 2015) (same); *Atl. Diving Supply, Inc. v. Basnight*, No. 2:22CV298, 2022 WL 18635840, at *3 (E.D. Va. Aug. 25, 2022) ("In deciding whether to exercise that discretion, this Court 'consider[s] whether prejudice will result from the court considering a new argument without the opposing party's having an opportunity to respond.'"); *Tube City IMS, LLC v. Severstal U.S. Holding, LLC*, No. 5:12-cv-31, 2013 WL 828175, at *2 (N.D.W. Va. Mar. 6, 2013) ("In support of its motion for leave to file a surreply, the plaintiff asserts that it believes that in their reply, the defendants mischaracterize a number of its arguments set forth in the plaintiff's response. Because it would not have a chance to address these alleged mischaracterizations without the aid of a surreply, the plaintiff requests leave to file a surreply. . . .").

## **CONCLUSION**

Accordingly, 2U respectfully requests leave to file the sur-reply brief attached to this motion as Exhibit 1.

Respectfully submitted this 23rd day of June, 2026.

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Robert H. Brunson*
Robert H. Brunson (Fed. Bar No. 4971)
E-Mail: robert.brunson@nelsonmullins.com
John P. Bozeman (Fed. Bar No. 13865)
E-Mail: john.bozeman@nelsonmullins.com
Stephen Q. Mann (Fed. Bar. No. 14540)
E-Mail: quinn.mann@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street, Suite 600
Charleston, SC 29401
Telephone: (843) 534-4226

*Attorneys for Defendant 2U, LLC*