| | | |
|---|---|---|
| HIGHER EDUCATION COQUI LLC, | ) | Civil Action No.: 0:26-cv-02255-SAL |
| | ) | |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S SUR-REPLY IN** |
| | ) | **OPPOSITION TO PLAINTIFF'S** |
| v. | ) | **MOTION FOR TEMPORARY** |
| | ) | **RESTRAINING ORDER AND FOR** |
| 2U, LLC, | ) | **PRELIMINARY INJUNCTION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this action on June 8, 2026, along with its Motion for Temporary Restraining Order and for Preliminary Injunction (the "Motion") (ECF Nos. 1 & 4). On June 11, 2026, Defendant 2U, LLC ("2U") filed a Response in Opposition to the Motion (ECF No. 14), and Plaintiff thereafter filed a Reply (ECF No. 24). Because the Reply raises novel issues concerning jurisdictional discovery and 2U's alleged misappropriation of "confidential information" and "intellectual property," 2U submits this Sur-Reply solely to address those new matters. *See Dones v. Brennan*, 147 F.Supp.3d 364, 372 (D. Md. 2015) (recognizing that sur-replies are appropriate when a party "would not otherwise have an opportunity to respond to arguments raised for the first time in the opposing party's reply").

**ARGUMENT**

**1.     The Court Should Not Order Jurisdictional Discovery.**

In its Reply, Plaintiff argues this Court has personal jurisdiction over 2U and, in the alternative, that, if the Court "concludes that the present record is insufficient to resolve jurisdiction conclusively, the appropriate remedy is targeted, expedited jurisdictional discovery—not denial of relief while the challenged conduct continues." (ECF No. 24, pg. 5). The Court should deny this

request for jurisdictional discovery because Plaintiff has failed to plead sufficient allegations regarding personal jurisdiction and because the requested discovery will not aid the Court.

First, Plaintiff has not pleaded sufficient facts in its Complaint to raise a question about whether jurisdiction exists (it does not). Courts have discretion to deny jurisdictional discovery when plaintiffs offer only speculative or conclusory assertions about a defendant's contacts with the forum state. *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003) ("When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.") (citations omitted). Here, Plaintiff has utterly failed to allege any specific jurisdictional facts in its operative Complaint. (ECF No. 1). Plaintiff effectively concedes this point by invoking its right to amend if the Court finds that the Complaint does not reflect the facts asserted in its Reply and the supporting Declaration of James McGahey ("McGahey Declaration"), which it does not. (ECF No. 24, pg. 7, n. 3). But Plaintiffs cannot cure these pleading deficiencies through their Reply; the Court should disregard those jurisdictional allegations because Plaintiff did not plead them in the Complaint. *See Alligood v. HGC, Inc.*, No.: 5:24-cv-2289-JFA, 2024 WL 4654163, at *6 (D.S.C. Sep. 9, 2024) ("[A]rguments raised for the first time in a reply brief should not be considered.").

Even if the Court considers the purported jurisdictional facts raised for the first time in the McGahey Declaration (ECF No. 26), the Court should still deny jurisdictional discovery and find personal jurisdiction does not exist over 2U because the contacts alleged therein do not pertain to the jurisdictional analysis at issue in this case. In his Declaration, Mr. McGahey alleges 2U made various contacts with South Carolina during the formation, negotiation, performance, and potential termination of the Master License and Services Agreement entered into between Plaintiff and 2U (the "Agreement"). *See* McGahey Declaration ¶¶ 2–14. However, because this is an action for

misappropriation of trade secrets—not for breach of the Agreement—those alleged contacts are irrelevant to whether 2U's alleged *misappropriation of trade secrets* arise out of or relate to any contacts 2U may have had with the State of South Carolina. *See Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 434, 665 S.E.2d 660, 666 (Ct. App. 2008) (finding no personal jurisdiction because, although defendants obtained the alleged trade secrets during their South Carolina employment, the alleged tort occurred only when the information was later disclosed and used outside South Carolina). Nowhere does Plaintiff allege 2U misappropriated trade secrets in South Carolina.

Further, the McGahey Declaration purports to justify assertion of jurisdiction over 2U because some Higher Ed personnel located in South Carolina "contribute to aspects of the development, implementation, and ongoing optimization of the systems and services provided to 2U" and because "approximately 162,000 South Carolina users accessed 2U's edX and paid landing pages developed, operated, or optimized over the immediately preceding year." McGahey Decl. ¶¶ 13-14. These averments, however, fail to specify any 2U conduct taking place in South Carolina and allegedly giving rise to this proceeding—that is, conduct allegedly constituting misappropriation of trade secrets or confidential information. *See ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 626 (4th Cir. 1997) (rejecting personal jurisdiction in a trade secret case where the alleged acquisition and use of trade secrets occurred outside South Carolina, holding that the plaintiff's experience of economic injury in South Carolina did not create a sufficient forum connection absent forum-directed conduct by defendants); *see also Power Prods. & Servs. Co. v. Kozma*, 379 S.C. 423, 434, 665 S.E.2d 660, 666 (Ct. App. 2008) (where former employees obtained trade secrets while employed by Plaintiff in South Carolina, the court found no specific personal jurisdiction because any misappropriation would have occurred outside of South Carolina after

defendants were no longer employed by Plaintiff); *TorcUP, Inc. v. Aztec Bolting Services, Inc.*, 386 F. Supp.3d 520, 527 (E.D. Pa. 2019) (holding no personal jurisdiction where alleged trade secret misappropriation arose from out-off-forum conduct and customers, despite commercial dealings and training in the forum); *Interface Biomedical Lab. Corp. v. Axiom Medical, Inc.*, 600 F. Supp. 731, 737 (E.D.N.Y 1985) ("Where, as here, the New York meetings did not cause or further the alleged misappropriation of intellectual property rights except to the extent that it was a link in the chain of events leading to the claim for which relief is sought, the misappropriation claim . . . cannot be said to arise from transactions of business in New York.") (internal quotation omitted).

Second, discovery regarding personal jurisdiction should also be denied because it is unjustified. The McGahey Declaration itself makes clear that Higher Ed is aware of the contacts between 2U and South Carolina relating to the relationship between these parties. Indeed, it would be difficult to conceive of a contact 2U could have had with South Carolina out of which this dispute arises and of which Higher Ed is not already aware. Therefore, even if the Court goes beyond the facially deficient jurisdictional allegations in Plaintiff's Complaint and considers the jurisdictional statements in the McGahey Declaration, Plaintiff has still failed to make a prima facie showing of personal jurisdiction. For that reason, the Court should deny Plaintiff's Motion and request for jurisdictional discovery. *Carefirst*, 334 F.3d at 402-03 (affirming district court's refusal to order jurisdictional discovery where plaintiff failed to offer concrete jurisdictional allegations and there was no reason to believe jurisdictional discovery would alter the analysis of personal jurisdiction).

**2.      Plaintiff's Reliance on Contractual Confidentiality Provisions Does Not Warrant Preliminary Injunctive Relief.**

Plaintiff also shifts emphasis in its Reply away from its pleaded trade-secret claims, arguing that the Court should grant preliminary injunctive relief because the Agreement authorizes

such relief "for breach of the Confidential Information and Intellectual Property Protections without regard to whether this information constitutes a trade secret." (ECF No. 24, pgs. 7–8). That argument is new in Reply and should be disregarded, but in any case, fails for several reasons.

As an initial matter, the Agreement's provisions governing injunctive relief are not dispositive of the question whether preliminary injunctive relief is warranted. *Bethesda Softworks, L.L.C v. Interplay Entertainment Corp.*, 452 F. App'x. 351, 353 (4th Cir. 2011) (holding district court did not abuse its discretion in denying preliminary relief despite a contractual provision deeming a breach irreparable because "contractual agreements alone do not control the district court's exercise of its equitable discretion"); *see also Peraton, Inc. v. Hussain*, No. DKC 25-2164, 2025 WL 2829750, at *3 (D. Md. Oct. 6, 2025) (declining to find irreparable harm notwithstanding a confidentiality agreement providing that a breach "may" result in irreparable harm).

Additionally, Plaintiff's attempt to collapse these categories into one ignores the fact that trade secrets and confidential information are not the same thing. *See Superb Motors v. Deo*, 776 F.Supp.3d 21, 77 (E.D.N.Y. 2025) ("Notably, trade secrets are not one and the same as confidential information"); *Am. Student Financial Group, Inc. v. Aequitas Cap. Manag., Inc.*, No. 12-cv-2446-CAB (JMA), 2015 WL 11237638, *9 (S.D. Cal. Feb. 12, 2015) ("While all trade secrets are confidential, not all confidential information is a trade secret"). To the extent Plaintiff now relies on alleged misuse of "confidential information" or "intellectual property" untethered from any cognizable trade secret, that position undermines its likelihood of success on its trade secret misappropriation claims, which require the existence of a valid trade secret. *See Glob. Consulting USA LLC v. Pinnacle Risk Eng'g, LLC*, No. 2:24-CV-04919-DCN, 2025 WL 329664, at *4 (D.S.C. Jan. 29, 2025) ("[B]efore [the plaintiff] can show that defendants misappropriated a trade secret, or threatened to do so, it must first establish the existence of a trade secret."). Moreover, even if

Plaintiff could proceed on that theory, the alleged misuse of non-trade-secret information cannot establish irreparable harm. *See Dm Trans, LLC v. Scott*, 38 F.4th 608, 620–621 (7th Cir. 2022) (declining to hold that the use of confidential information "is independently sufficient to support a finding of irreparable harm").

### CONCLUSION

For these reasons, Plaintiff's Reply does not cure the deficiencies in its Motion. Plaintiff has failed to plead or establish facts supporting personal jurisdiction, and its request for jurisdictional discovery rests on speculation and irrelevant contacts. At the same time, because a claim for the misappropriation of trade secrets must involve a trade secret, the confidential information and intellectual property that Plaintiff admits are not trade secrets cannot serve as a basis for either the misappropriation claims on their merits or Plaintiff's request for injunctive relief. The Court should, therefore, deny Plaintiff's Motion.

NELSON MULLINS RILEY & SCARBOROUGH LLP

/s/ *Robert H. Brunson*
Robert H. Brunson (Fed. Bar No. 4971)
E-Mail: robert.brunson@nelsonmullins.com
John P. Bozeman (Fed. Bar No. 13865)
E-Mail: john.bozeman@nelsonmullins.com
Stephen Q. Mann (Fed. Bar. No. 14540)
E-Mail: quinn.mann@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
151 Meeting Street, Suite 600
Charleston, SC 29401
Telephone: (843) 534-4226

*Attorneys for Defendant 2U, LLC*