**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

HIGHER EDUCATION COQUI LLC,

*Plaintiff*,

v.

2U, LLC,

*Defendants*.

**Case No. 0:26-cv-02255-SAL**

**DECLARATION OF BLAIR GARDNER IN SUPPORT OF DEFENDANT 2U, LLC'S
OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
<u>ORDER AND FOR PRELIMINARY INJUNCTION</u>**

I, Blair Gardner, declare as follows pursuant to 28 U.S.C. § 1746.

1.      I submit this Declaration in Support of Defendant 2U, LLC's Opposition to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction ("Opposition").  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify to them competently.

2.      I am currently the Vice President of Marketing Technology at 2U, LLC ("2U"), a role I have held since January 2025.  In this role, I am responsible for overseeing the technology platforms and systems that facilitate marketing strategy, such as data collection systems, content management systems, and testing and optimization systems.  From September 2019 to January 2025, I was 2U's Senior Director of Marketing Technology.  In that role, I helped develop and manage 2U's full stack of marketing technology products that support 2U's marketing teams and strategies.  Before that, and since joining 2U in 2011, I held several other web strategy-related

1

roles within 2U's marketing department.

3.      On July 24, 2024, 2U entered into an agreement with Plaintiff Higher Education Coqui LLC, d/b/a/ Red Ventures ("Plaintiff or RV") to help improve 2U's online marketing performance.  Under this agreement, Plaintiff agreed to provide services related to operating 2U's edX.org platform in accordance with Statement of Work  1 ("SOW 1") and 2U's paid landing pages in accordance with Statement of Work 2 ("SOW 2").

4.      During my time at 2U, I have been personally involved in the relationship between 2U and Plaintiff as it relates to both SOW 1 and SOW 2.  For example, as it relates to SOW 1, I worked on the data collection specifications and requirements for Plaintiff as 2U transitioned pages on the edX.org platform to Plaintiff.  In or around the middle of 2025, I was brought into discussions with Plaintiff regarding edX.org web performance and forecasting, and since then I have also been involved in reviewing the marketing technology systems supporting the edX.org platform.  I was also involved in decision making and direction setting over marketing technology and operational procedures for SOW 2.  Specifically, I worked with Plaintiff to develop specifications, control processes, and documentation for the handoff of paid landing page management from 2U to Plaintiff.

5.      I have reviewed Plaintiff's Exhibit B in this action, which I understand Plaintiff represents is a list of its alleged "trade secrets" that it claims it deployed in connection with its performance of its services under SOW 1 and SOW 2 and which it claims 2U is now misappropriating.  Dkt. 1-2. For clarity in my references to the items listed in Plaintiff's Exhibit B, counsel has added to Attachment 1 to my Declaration a copy of Plaintiff's Exhibit B with each item individually numbered in the same order as in the original Exhibit B. I will refer to these items by item number as reflected in Attachment 1 to my Declaration.  Based on my personal

2

knowledge, investigation of these alleged "trade secrets," and best interpretation of RV's description of each contained in Exhibit B, I declare as follows.

6.      I do not believe that 2U has shared any of Plaintiff's unique, proprietary technologies with third parties.

7.      In Item 2, Plaintiff identifies ███████████████████████ as an alleged trade secret, described as: ████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████ Therefore, 2U could not and does not intend to use this ███████████.

8.      In Item 3, Plaintiff identifies █████████████████████ ██████ as an alleged trade secret, described as: ████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████ 2U has never had access to ████████████████████ and therefore could not and does not intend to use it.

9.      In Item 11, Plaintiff identifies ████████████████████ ██████ as an alleged trade secret, described as: ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

3

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████ I understand that 2U has not retained and is not using any unique technology provided by Plaintiff for this purpose.

10. In Item 13, Plaintiff identifies ████████████████████████ as an alleged trade secret, described as: ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████ 2U likewise does not have access to Plaintiff's content management system or the data within it nor does it intend to use it.

11. In Item 14, Plaintiff identifies ████████████████████████████ as an alleged trade secret, described as: ████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

4

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████

12.    In Item 16, Plaintiff identifies ██████████████████████████ as an alleged trade secret, described as: ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

To the extent needed, 2U uses licensed commercially available technology, not Plaintiff's proprietary technology, to achieve this functionality.

13.    In Item 17, Plaintiff identifies ████████████████████████ as an alleged trade secret, described as: ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████ 2U does not have access to this ████████████████ tool developed by Plaintiff and to the extent needed, 2U is or will license third-party systems for this purpose.

14.    In Item 18, Plaintiff identifies ██████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████ This practice is industry standard in the ecommerce industry.  2U does not have access to Plaintiff's ████████████████████ and to the

5

4918-4962-2197 v.2

extent this functionality is needed, 2U would use or is using other third-party systems.

15. In Item 19, Plaintiff identifies ███████████████████ ███████████████████████████ ███████████████████████████ ███████████████████████████████ This practice is industry standard in the ecommerce industry, 2U used this technique before contracting with Plaintiff, and to the extent needed, it continues to use this technology independent of any of Plaintiff's systems, methods or data.

16. In Item 20, Plaintiff identifies ██████████████ as an alleged trade secret, described as: ███████████████████████ ██████████████████████ This practice is industry standard in the ecommerce industry, and 2U employed this technique before partnering with Plaintiff and to the extent needed it continues to use this technology independent of any of Plaintiff's systems, methods or data.

17. In Item 21, Plaintiff identifies ██████████████ as an alleged trade secret, described as: ███████████████████████ ██████████████████████ █████████. This practice is industry standard in the ecommerce industry, and 2U employed this technique before partnering with Plaintiff and to the extent needed it continues to use this technology independent of any of Plaintiff's systems, methods or data.

18. In Item 22, Plaintiff identifies ████████████ as an alleged trade secret, described as: ███████████████████████ ██████████████████████

4918-4962-2197 v.2

██████████████████████████████ 2U does not have access to Plaintiff's ████████

and therefore could not use it and is not using it.

19.     In Item 23, Plaintiff identifies ████████████████████ as an alleged trade

secret, described as: ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████ In general,

use of a user ID to tie data together across multiple webpages is standard practice in the

ecommerce industry.  2U has no need for and does not use Plaintiff's data or methodology to

achieve this functionality.

20.     In Item 24, Plaintiff identifies ████████████████████████████ as

an alleged trade secret, described as: ████████████████████████

████████████████████████████████████████████

████████████████████████ This practice is industry standard in the ecommerce

industry, and 2U used this technique before contracting with Plaintiff.  2U has no need for and

does not use Plaintiff's technology or data to achieve this functionality.

21.     In Item 25, Plaintiff identifies ████████████████████ as an alleged

trade secret, described as: ████████████████████████████

████████████████████████████████████████████

████████████████████████ In general, use of data to build audiences for analysis and

personalization is standard practice in the ecommerce industry.  2U does not use Plaintiff's

████████ tool and does not intend to use it.

22.     In Item 26, Plaintiff identifies ████████████████████ as an alleged trade secret,

described as: ████████████████████████████████████

4918-4962-2197 v.2

████████████████████████████████████████████████████████████ This practice is industry standard in the ecommerce industry and 2U employed this technique before contracting with Plaintiff and continues to use it on its non-RV managed websites.  2U does not have access to Plaintiff's ████████████████████████████ and therefore is not using them.

23.    In Item 27, Plaintiff identifies ████████████████ as an alleged trade secret, described as: ████████████████████████████

████████████████████████████████████████

████████████████ 2U does not know how Plaintiff ████████████████ and therefore could not use it and does not intend to use it.

24.    In Item 28, Plaintiff identifies ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ This practice is industry standard in the ecommerce industry.  2U employed this technique before contracting with Plaintiff,  directed strategy on this technique during its relationship with Plaintiff, and 2U continues this practice without relying on Plaintiff's methods.  To the extent Plaintiff is claiming it used a unique, proprietary method for carrying out this function, 2U is not aware of it.

25.    In Item 29, Plaintiff identifies ████████████████████████ as an alleged trade secret, described as: ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ This practice is industry standard in the ecommerce industry, 2U used

Control/Test labels before contracting with Plaintiff, and 2U continues this practice on non-RV managed websites without relying on Plaintiff's methods. To the extent Plaintiff is claiming it used a unique, proprietary method for carrying out this function, 2U is not aware of it.

26.    In Item 30, Plaintiff identifies ███████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ 2U does not have access to this model and therefore could not use it and does not intend to use it.

27.    In Item 31, Plaintiff identifies ████████████████████ as an alleged trade secret, described as: ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ 2U does not have access to this process and therefore could not use and does not intend to use it.

28.    In Item 32, Plaintiff identifies ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████ 2U does not have access to these features and therefore could not use does not intend to use them.

29.    In Item 33, Plaintiff identifies ████████████████ as an alleged trade secret, described as: █████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

4918-4962-2197 v.2

████████████████████████████████████████████████

████████████████████████████ This practice is industry standard in the ecommerce industry. 2U does not have access to Plaintiff's credit-based attribution model and therefore could not use and does not intend to use it.

30.    In Item 34, Plaintiff identifies ████████████████████████████ as an alleged trade secret, described as: ████████████████████████

████████████████████████████████████████████████

████████████████████████ This practice is industry standard in the ecommerce industry. 2U does not have access to Plaintiff's historical customer journey data and therefore could not use and does not intend to use it.

31.    In Item 35, Plaintiff identifies ████████████████████████████ as an alleged trade secret, described as: ████████████████████████

████████████████████████████████████████████████

████████████████ 2U does not have access to Plaintiff's ████████████████ and therefore could use it and does not intend to use it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of June 2026, at Washington, District of Columbia.

Blair Gardner

June 16, 2026

10

# ATTACHMENT 1









