**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| HIGHER EDUCATION COQUI LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>2U, LLC,<br><br>*Defendants*. | **Case No. 0:26-cv-02255-SAL** |

**DECLARATION OF PATRICIA WINTERMUTH IN SUPPORT OF DEFENDANT 2U, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

I, Patricia Wintermuth, declare as follows pursuant to 28 U.S.C. § 1746.

1.      I submit this Declaration in Support of Defendant 2U, LLC's Opposition to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction ("Opposition"). I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify to them competently.

2.      I am currently the Senior Vice President of Commerce and Marketplace Product at 2U, LLC ("2U"), a role I have held since January 2024. I am responsible for overseeing certain 2U Product Management teams, including the Experience Design/UX (user experience) Function team, Marketing Technology Product team, Degrees Capabilities Product team, and the Executive Education Product team. Before that, from 2022 to 2024 I was 2U's Vice President of Commerce and Marketplace Strategy, and from 2021 (when I joined 2U) to 2022, I was 2U's Vice President of eCommerce and Digital Marketing Strategy. I have over twenty years of marketing experience.

1

Before joining 2U, I held senior level marketing roles at various companies, including IAC Applications, GameChanger Media, Inc., and WebMD.

3.    On July 24, 2024, 2U entered into an agreement with Plaintiff Higher Education Coqui LLC, d/b/a/ Red Ventures ("Plaintiff or RV") to help improve 2U's online marketing performance.  Under this agreement, Plaintiff agreed to provide services related to operating 2U's edX.org platform in accordance with Statement of Work 1 ("SOW 1")  and 2U's paid landing pages in accordance with Statement of Work 2 ("SOW 2").

4.    During my time at 2U, I have been personally involved in the relationship between 2U and Plaintiff, with a particular focus on how it relates to development of the edX.org platform roadmap and SOW 1.  For example, during the early days of the parties' relationship, I was part of the internal 2U team consulted about the nature of the proposed relationship and was responsible for helping to operationalize the transition of the pages on the edX.org platform to RV.  I was a day-to-day representative of the 2U Product Management team working with Plaintiff during the relationship.  I also oversee teams and employees who worked with Plaintiff during the course of the parties' contractual relationship.  I was involved in quarterly planning meetings for the edX.org platform with Plaintiff, and as of late 2025, I attended quarterly business reviews between 2U and Plaintiff.

5.    I have reviewed Plaintiff's Exhibit B in this action, which I understand Plaintiff represents is a list of its alleged "trade secrets" that it claims it deployed in connection with the performance of its services under SOW 1 and SOW 2.  Dkt. 1-2. For clarity in my references to the items listed in Plaintiff's Exhibit B, counsel has added to Attachment 1 to my Declaration a copy of Plaintiff's Exhibit B with each item individually numbered in the same order as in the original Exhibit B. I will refer to these items by item number as reflected in Attachment 1 to my

Declaration. Based on my personal knowledge, investigation of these alleged "trade secrets," and best interpretation of Plaintiff's description of each contained in Exhibit B, I declare as follows.

6. I do not believe that 2U has shared any of Plaintiff's unique, proprietary technologies with third parties.

7. In Item 1, Plaintiff identifies ███████████████████████ as an alleged trade secret, described as: ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████  ██████████████████████████████

████████████████████████████, 2U does not have access to Plaintiff's models. 2U also does not have ████████████████████████████████████████████, and therefore 2U could not use them even if it did have access.

8. In Item 4, Plaintiff identifies ████████████████████ as an alleged trade secret, described as: ████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

3

4918-2979-5253 v.6

██████████████████████████████████████████████████

████████████████████     This practice is standard in the ecommerce industry, and 2U employed this technique before contracting with Plaintiff and continues to do so on its non-RV managed websites.  While the general practice is ubiquitous, 2U also does not have access to Plaintiff's ████████████████████████ and therefore could not be using them.

9.     In Item 5, Plaintiff identifies ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████

10.     In Item 6, Plaintiff identifies ██████████████████████████████████ as an alleged trade secret, described as: ████████████████████████████

██████████████████████████████████████████████████

████████████████████████████     This practice is standard in the ecommerce industry, and 2U used these techniques before contracting with Plaintiff, including by use of a

4

██████████████████████████████████████████████. 2U does not have access to Plaintiff's

████████████████ and therefore it could not and does not intend to use them.

11.    In Item 7, Plaintiff identifies ████████████████████████████

████████████████████ as an alleged trade secret, described as: ██████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

12.    In Item 8, Plaintiff identifies ████████████████████████ as an alleged trade

secret, described as: ████████████████████████████████████████████████

████████████████████████████████ As I described above in Paragraph

8, this practice is industry standard in the ecommerce industry, and 2U used this technique before

contracting with Plaintiff and continues to use this technique on its other non-RV managed

webpages.  To the extent Plaintiff is claiming it used a unique, proprietary method for carrying

out this function, 2U is not aware of it.

13.    In Item 9, Plaintiff identifies ████████████████████████████████████

████████████████ as an alleged trade secret, described as: ████████████████

5

4918-2979-5253 v.6

██████████████████████████ ██████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████ 2U's

engineering team developed ████████████████████ and 2U has no need for, has not

used, and does not intend to use the ████████████████.

14.     In Item 10, Plaintiff identifies ████████████████████████

████████████████████████ as an alleged trade secret, described as: ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████.

15.     In Item 12, Plaintiff identifies ████████████████████ as an alleged trade secret,

described  as: ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

6

This practice is industry standard in the ecommerce industry, and 2U employed this technique before contracting with Plaintiff and continues to use it on its non-RV managed websites.

16.     In Item 15, Plaintiff identifies ████████████████ as an alleged trade secret, described as: ████████████████████████████ ████████████████ I understand this description to refer to a particular Plaintiff system to which 2U does not have access, is not using, and does not intend to use. 2U also does not have access to the information residing within this system and does not intend to replicate it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of June 2026, at Washington, District of Columbia.

Patricia Wintermuth

June 16, 2026

7

# ATTACHMENT 1









